BROWN, Justice
(concurring in part and dissenting in part as to the rationale and concurring in the result).
I concur in the result reached in the majority opinion, which reverses the judgment of the Court of Criminal Appeals affirming the judgment of the trial court adjudicating J.A.P. delinquent because I do not believe the evidence before us is sufficient to establish the element of forcible compulsion.
I respectfully dissent, however, from the majority’s overruling of B.E. v. State, 778 So.2d 868 (Ala.Crim.App.2000). I agree with the Court of Criminal Appeals’ statement in B.E.:
“[T]he focus in Powe[ v. State, 597 So.2d 721 (Ala.1991) ] is on the child victim and the perspective should be that of the child victim; accordingly, where there is a significant enough difference in age or physical maturity between the defendant and the victim, and the defendant occupies a position of authority or control over the victim, forcible compulsion may exist whether or not the defendant is legally an adult.”
778 So.2d at 866.
I believe this statement is a logical extension of Powe v. State, 597 So.2d 721 (Ala.1991), which, as the majority opinion notes, states:
“When a defendant who plays an authoritative role in a child’s world instructs the child to submit to certain acts, an implied threat of some sort of disciplinary action accompanies the instruction. If the victim is young, inexperienced, and perhaps ignorant of the “wrongness’ of the conduct, the child may submit to the acts because the child assumes that the conduct is acceptable or because the child does not have the capacity to refuse.”
597 So.2d at 728-29 (emphasis added).
Thus, I do not believe B.E. should be overruled.